**STATE of Maine**

v.

**Allan SAULLE.**

Supreme Judicial Court of Maine.

Argued March 3, 1980.

Decided May 21, 1980.

---

Henry N. Berry, III, Dist. Atty., Peter G. Ballou, Deputy Dist. Atty., Stephen W. De-vine, Asst. Dist. Atty., Portland, Barbara Mantegani, Law Student (orally), for plaintiff.

Neal K. Stillman (orally), Portland, for defendant.

Before McKUSICK, C. J., and GOD-FREY, NICHOLS, GLASSMAN and ROB-ERTS, JJ.

GLASSMAN, Justice.

Following a jury trial in the Superior Court, Cumberland County, the defendant was convicted of the Class C crime of criminal threatening with the use of a dangerous weapon, to wit, a firearm, and was given the mandatory minimum sentence of one year. 17–A M.R.S.A. §§ 209, 1252(4), 1252(5). As his sole basis for appeal, the defendant contends the presiding Justice abused his discretion in refusing to grant a mistrial on the ground that the display to the jury of a firing-range target that had been used in test-firing a shotgun and that depicted the perforated silhouette of a human being was unduly prejudicial. We affirm the judgment.

At approximately 9:00 p. m. on October 20, 1978, while operating his patrol car on Brackett Street in Portland, Police Officer King approached a woman who was standing in the street waving her arms and screaming. This woman directed King's attention to the defendant who was standing approximately twenty to twenty-five feet away. The defendant was holding a shotgun at hip level and pointing the gun over the length of the vehicle in which the officer was seated. King testified that he was afraid the defendant would discharge the shotgun and quickly drove his vehicle out of the line of fire, jumped out of the car and pursued the defendant who had fled on foot. Shortly thereafter, King and a fellow officer apprehended the defendant on nearby Tate Street. Police recovered the shotgun one hour later approximately fifty feet from the scene of the defendant's arrest.

At trial, the State produced Richard Kierstead, an evidence technician for the Portland Police Department, to establish that

the shotgun was a "firearm" within the meaning of 17–A M.R.S.A. § 2(12–A) and thus a dangerous weapon within the meaning of 17–A M.R.S.A. § 2(9)(A). The purpose of this evidence was to upgrade the criminal threatening offense to a Class C crime pursuant to the provisions of 17–A M.R.S.A. § 1252(4) and to invoke the mandatory minimum one-year sentence provision of 17–A M.R.S.A. § 1252(5). Over the defendant's objection, Kierstead testified that he had fired the shotgun. To demonstrate the gun was operable, Kierstead displayed to the jury the firing-range target he had used in the test. This standard target, which the State neither marked for identification nor offered into evidence, depicted a black silhouette in the form of a human head and torso on a white rectangular sheet. As the result of Kierstead's test, perforations from three distinct shotgun rounds appeared in the dark portion of the target. Defense counsel claimed that displaying the target in this condition was extremely prejudicial and moved for a mistrial. The presiding Justice denied this motion but instructed the jury after the witness stepped down and again at the close of the evidence that the jury was to consider the target only as it related to the issue of the operability of the shotgun.

A motion for mistrial is addressed to the sound discretion of the presiding Justice. *E. g., State v. McCarthy*, Me., 355 A.2d 923, 925 (1976); *State v. Gagne*, Me., 349 A.2d 193, 198 (1975). The standard for determining abuse of discretion when the claim is that the jury has been improperly exposed to prejudicial information is "whether, on these facts, there was a *reasonable possibility* that the [jury's exposure to the target] might have been a contributing factor productive of the guilty verdict." *State v. McCarthy, supra*, 355 A.2d at 925 (emphasis in original). *See State v. Reed*, Me., 232 A.2d 81, 82 (1967).

Although this case comes before us in the procedural posture of the defendant seeking review of the denial of a motion for mistrial, we consider it more appropriate to review this matter as if the target had been received in evidence over the objection of the defendant and then to apply the appropriate standard of review. We treat the case in this manner because the target was exhibited to the jury; therefore, the impact of the target was the same as if it had been introduced in evidence. Moreover, we are concerned that the prosecutor's improper display of the exhibit without first having it marked for identification and then offering it into evidence deprived the defendant of the opportunity to object prior to the jury's exposure to the exhibit. Although the record is not sufficient for us to conclude that the manner in which this exhibit was used resulted from a calculated design by the prosecutor to deprive the defendant of an opportunity to object, we cannot overemphasize the necessity that nothing be exhibited to the jury until it has first been marked for identification, properly identified, shown to opposing counsel and received in evidence.[1]

Treating the target as if it had been offered and received in evidence over objection of the defendant, we find no error in its use. The target was clearly relevant for the limited purpose of establishing the operability of the shotgun. M.R.Evid. 105. The unfair prejudice of which the defendant complains, and of which he presumably would have complained had the target actually been received in evidence, is the inference that King would have been seriously injured had the defendant fired the shotgun. It is claimed this inference served to corroborate King's assertion of fear of imminent physical harm. The jury could not have made such use of the exhibit since the presiding Justice twice carefully instructed the jury that the target could be considered only on the issue of the operability of the shotgun. *See State v. Lindsey*, Me., 413 A.2d 506, 507 (1980); *State v. Heald*, Me., 292 A.2d 200, 203 (1972).

Thus, had the target been properly offered in evidence before being exhibited to

---

1. The proper procedure for offering documentary evidence is carefully and thoroughly de-scribed in R. Keeton, *Trial Tactics and Methods* § 2–25 (1954).

the jury, the presiding Justice could have properly admitted it. Under such circumstances, the target's exhibition to the jury without its having been offered in evidence did not require the presiding Justice to grant a mistrial.

The entry is:

Judgment affirmed.

All concurring.