2011 ND 47

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Brett Evan SAUER, Defendant and Appellant.**

**No. 20100164.**

Supreme Court of North Dakota.

March 22, 2011.

Carmell Faye Mattison, Assistant State's Attorney, Grand Forks, N.D.; submitted on brief.

Henry H. Howe, Grand Forks, N.D., for defendant and appellant.

KAPSNER, Justice.

[¶ 1]   Brett Sauer appeals from a criminal judgment entered after a jury found him guilty of driving under the influence and violation of a restricted license.   We affirm.

I

[¶ 2]   On December 13, 2009, Sauer's vehicle was stopped for speeding in rural

Grand Forks County. The law enforcement officer detected an odor of alcohol and noted Sauer's speech was slightly slurred. The officer performed field sobriety tests and arrested Sauer for driving under the influence. The officer transported Sauer to Altru Hospital for a blood alcohol test. A blood sample was taken at the hospital and sent to the Crime Laboratory Division of the Office of Attorney General for analysis. Sauer was charged with driving under the influence, a class B misdemeanor, and violation of a restricted license, a class B misdemeanor.

[¶ 3] Sauer's attorney served the State with a detailed discovery request. Sauer requested the State disclose numerous items, including:

copies of any and all tests, inspections, experiments, and/or other reviews made by any agency, including the law enforcement agency of the arresting officer and/or the North Dakota State Toxicology Lab regarding any drug or chemical sample associated with this case. This request includes all notes, checklists, or procedural directions, regarding the testing process or any manufacturer, or agency directions/instructions detailing the manner in which any such test, inspection, or experiment is to be performed.

The State provided Sauer with a copy of everything in the State's file and some additional evidence Sauer's attorney requested after the State provided a copy of its file.

[¶ 4] A jury trial was held on May 4–5, 2010. During the first day of the trial, Lisa Hentges, a forensic scientist with the North Dakota Crime Lab, testified about her analysis of Sauer's blood sample. During Sauer's cross-examination, Hentges mentioned she had a case file, which included her notes and a print out of the test results from the blood tests she performed on Sauer's blood sample. Sauer asked the district court for a brief recess so he could review the file because he claimed the State did not provide him with a copy of the file in response to his discovery request. The State admitted it did not provide Sauer with a copy of Hentges' file, but claimed the discovery request was very detailed and it "didn't notice" the request for the testing notes. The court questioned Sauer's attorney about why he did not move to compel discovery of the testing notes, and Sauer's attorney said he did not know they existed. The court provided Sauer's attorney with the brief break he requested to allow him to view the file. After the break, Sauer's attorney requested a continuance of the trial. The court denied Sauer's request for a continuance and found the case file was not material to preparing a defense and Sauer should have brought a motion to compel if he felt he did not have something he needed. Sauer continued his cross-examination of Hentges. Later, the court ordered the State to provide a copy of the case file to Sauer's attorney after court concluded for the day.

[¶ 5] The second day of the trial started at 1:30 p.m. the next day. Sauer's attorney filed a written motion to admit Hentges' case file into evidence. The court reminded Sauer's attorney that it had ordered the State to make a copy of the case file available. The State advised the court that a copy of the case file was made available for Sauer's attorney, but he did not pick up the copy. Sauer's attorney admitted he did not pick up the copy. The court advised Sauer's attorney that it would mark a copy of the file as an exhibit and it could be received into evidence, but Sauer's attorney informed the court he did not want the copy as a trial exhibit and only wanted a copy included in the record for purposes of an appeal.

[¶ 6] The jury found Sauer guilty of both counts.

## II

[¶ 7] Sauer argues the district court erred when it denied his request for a continuance after the State violated discovery rules by failing to provide copies of Hentges' case file during discovery.

[¶ 8] Rule 16, N.D.R.Crim.P., governs the disclosure of evidence in criminal cases. *State v. Addai*, 2010 ND 29, ¶ 40, 778 N.W.2d 555. Under N.D.R.Crim.P. 16(a), the prosecution is required to disclose and "permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings, or places, or copies or portions of any of these items" upon the defendant's request, if the item is within the prosecution's possession, custody, or control. "The rule is not limited to the materials actually in the State's possession, but also requires the State to disclose requested documents in the possession of other government agencies participating in the investigation or cooperating with the prosecution." *Addai*, at ¶ 40.

[¶ 9] Sauer requested the State provide copies of all tests, notes, checklists, and procedural directions about the testing process prior to trial. The State was required to provide Hentges' case file under N.D.R.Crim.P. 16. Although the State claimed it "didn't notice" the request for this information in Sauer's discovery request, that is not a sufficient reason for its failure to comply with the rule. The State's decision to make a copy of everything in its file is also not sufficient. "[A]n 'open file' policy 'does not abrogate or dilute the requirement that prosecutors disclose evidence' requested under N.D.R.Crim.P. 16." *City of Grand Forks v. Ramstad*, 2003 ND 41, ¶ 21, 658 N.W.2d 731. The prosecution must read the defendant's discovery request and provide the information requested as N.D.R.Crim.P. 16 requires. The defendant is not required to request the materials a second time. *Ramstad*, at ¶ 22. Although Hentges' case file was not in the State's possession, the State was still required to provide Sauer with a copy of the documents because the case file was in the possession of a government agency participating in the investigation. The State had a duty to disclose a copy of the case file, and the State's failure to disclose this evidence was a discovery violation.

[¶ 10] If a party fails to comply with N.D.R.Crim.P. 16, the district court has discretion in applying a remedy under N.D.R.Crim.P. 16(d)(2). When there is a discovery violation, the court may:

(i) order that party to permit the discovery or inspection: specify its time, place and manner; and prescribe other just terms and conditions;

(ii) grant a continuance;

(iii) prohibit that party from introducing the undisclosed evidence;

(iv) relieve the requesting party from making a disclosure required by this rule; or

(v) enter any other order that is just under the circumstances.

N.D.R.Crim.P. 16(d)(2).

[¶ 11] The court's decision in applying a remedy will not be reversed on appeal absent an abuse of discretion. *Addai*, 2010 ND 29, ¶ 41, 778 N.W.2d 555. "If a discovery violation is not of a constitutional magnitude, it is reversible error only upon a showing that the defendant has been denied substantial rights." *Ramstad*, 2003 ND 41, ¶ 25, 658 N.W.2d 731. The defendant has not been denied a substantial right when the defendant was not significantly prejudiced by the violation. *Id.* If the defendant fails to show he was significantly prejudiced, the district court's failure to impose sanctions under N.D.R.Crim.P. 16(d)(2) is not an abuse of discretion. *Ramstad*, at ¶ 26.

[¶ 12]  Here, the court granted Sauer's request for a brief continuance to allow his attorney to inspect the case file before continuing to cross-examine Hentges.  The court also ordered the State to make a copy of the case file available to Sauer's attorney after the first day of trial and he had until the next afternoon to look at the case file.  Sauer's attorney failed to pick up the copy of the file.  The court granted Sauer's request to make the case file a trial exhibit, but Sauer's attorney indicated he did not want the case file admitted into evidence at the trial.  The court applied N.D.R.Crim.P. 16(d)(2) and attempted to remedy the discovery violation.  Sauer has not shown he was significantly prejudiced by the State's discovery violation.  We conclude the court did not abuse its discretion by denying Sauer's request for a continuance.

[¶ 13]  Although we have affirmed Sauer's conviction because he failed to show he was significantly prejudiced by the discovery violation, we have warned the prosecution in other cases with similar violations:

> Our opinion in this case places all prosecutors on notice that N.D.R.Crim.P. 16 does not allow them to shift the burden of obtaining materials in the hands of other governmental agencies to the defendant.  We further caution that, although a showing of prejudice is generally required before reversing a criminal conviction for a discovery violation, reversal for conduct which is merely potentially prejudicial may be warranted as a sanction for institutional non-compliance and systemic disregard of the law if the conduct is commonplace.

*Ramstad*, 2003 ND 41, ¶ 29, 658 N.W.2d 731.

### III

[¶ 14]  Sauer also claims the district court erred in permitting testimony from the individual who drew his blood without documentation of the individual's credentials, in admitting an analytical report about the blood test results, in not admitting exhibits Sauer offered to show the law enforcement officer was violating the law when he stopped Sauer's vehicle, and in refusing to answer the jury's questions about whether the officer was violating the law.  District courts have broad discretion in evidentiary matters.  *State v. Procive*, 2009 ND 151, ¶ 8, 771 N.W.2d 259.  We conclude the district court did not abuse its discretion and Sauer's arguments on these issues are without merit.

### IV

[¶ 15]  We affirm the criminal judgment.

[¶ 16] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.