Filed 7/1/15 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2015 ND 180

State of North Dakota, Plaintiff and Appellee

v.

Guy Wade Packineau, Defendant and Appellant

No. 20140353

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Douglas L. Mattson, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Kelly A. Dillon, Assistant State’s Attorney, P.O. Box 5005, Minot, ND 58702-

5005, for plaintiff and appellee.

Bryan D. Denham, P.O. Box 981, Pampa, TX 79066-0981, for defendant and appellant.

State v. Packineau

No. 20140353

VandeWalle, Chief Justice.

[¶1] Guy Wade Packineau appealed from a criminal judgment after a jury found him guilty of possession of drug paraphernalia, driving with a suspended license, and driving under the influence.  We affirm.

I

[¶2] A Ward County Sheriff’s deputy responded to a reported accident and found Packineau at the scene inside an overturned vehicle.  The vehicle was registered to Packineau and the license plate matched an earlier report made to the Sheriff’s office of a suspected impaired driver.  While assisting Packineau, the deputy detected the smell of alcohol.  Packineau failed to respond to verbal questions and no sobriety test was conducted.  The deputy read the implied consent advisory to him, and received a mumbled response.  The deputy placed him under arrest, at which point Packineau became responsive and exited the vehicle.  He was then restrained and airlifted to a local hospital.  

[¶3] During transport to the hospital, Packineau was intubated.  A Highway Patrol officer arrived at the hospital and again placed Packineau under arrest.  The officer made no attempt to communicate with Packineau at the hospital.  A blood draw was made without a warrant.  The test revealed Packineau had a blood alcohol content exceeding the legal limit to operate a motor vehicle.   

[¶4] At the scene of the accident, the deputy recovered personal items believed to have been ejected from the vehicle.  While conducting an inventory of the property, the deputy observed a clear plastic bag fall out of a backpack.  The bag contained an unidentified green substance and wooden smoking device.  The backpack was searched and a glass pipe commonly used for methamphetamine was discovered.  

[¶5] Packineau was charged with possession of drug paraphernalia, driving under the influence, and driving with a suspended license.  He moved to suppress the evidence from the blood test as well as the smoking device, arguing no probable cause existed for his arrest and he did not consent to the blood draw obtained without a warrant.  The district court denied the motion.   

[¶6] At trial, Packineau objected to the State offering testimony from witnesses not endorsed on the information under N.D.R.Crim.P. 7(g).  He also objected to the introduction of documents under N.D.R.Crim.P. 16 because they were not adequately disclosed to him, and the State only provided the location of the documents and not copies. The district court overruled both objections.  Packineau also objected to the DUI jury instruction including language not found in the original complaint.  This objection was also overruled. 

II

[¶7] On appeal, Packineau argues the district court erred in denying his motion to suppress because he did not consent to the blood draw and a search warrant was needed.  Our review of a district court’s decision to deny a motion to suppress is well established.  

[T]his Court defers to the district court’s findings of fact and resolves conflicts in testimony in favor of affirmance.  This Court will affirm a district court decision regarding a motion to suppress if there is sufficient competent evidence fairly capable of supporting the district court’s findings, and the decision is not contrary to the manifest weight of the evidence.  Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law. 

State v. Morin
, 2012 ND 75, ¶ 5, 815 N.W.2d 229 (quoting 
State v. Johnson
, 2009 ND 167, ¶ 6, 772 N.W.2d 591).  

[¶8] Section 39-20-01, N.D.C.C., presumes a driver to have consented to be tested.  
Pokrzywinski v. Director, N.D. Dep’t of Transp.
, 2014 ND 131, ¶ 15, 847 N.W.2d 776.  “Whether a driver refused to take a requested test is a question of fact.”  
Id.
  “Any person who is dead, unconscious, or otherwise in a condition rendering the person incapable of refusal, must be deemed not to have withdrawn the consent provided by section 39-20-01 and the test or tests may be given.”  N.D.C.C. § 39-20-

03.  “Whether a driver was in a condition rendering the driver incapable of refusal is a question of fact.”  
Pokrzywinski
, at ¶ 15.

[¶9] In 
Pokrzywinski
, this Court affirmed the hearing officer’s finding that the driver was capable of refusal and did refuse to submit to a blood test based on his ability to communicate to law enforcement, reports the driver was alert and awake after the crash, and lack of indication that the driver’s injuries had incapacitated him.  
Id.
 at ¶ 21.  Here, the record shows that Packineau was unresponsive and failed to communicate to law enforcement at the scene.  He drifted in and out of consciousness until advised of his arrest, failed to communicate even after the arrest, and medical personnel informed the officer that Packineau was incapable of speaking after he was intubated.  The district court’s findings that Packineau was in a condition rendering him incapable of refusal is supported by sufficient competent evidence.

III

[¶10] Packineau argues the district court erred in allowing additional witnesses to testify without naming those additional witnesses in an amended information complying with N.D.R.Crim.P. 7(g).  “The granting or denying of any motion relating to the endorsement is within the trial court’s discretion, as is the granting of any continuance as a result of the addition of proposed witnesses.”  
State v. Halvorson
, 346 N.W.2d 704, 712 (N.D. 1984).  We have previously stated that errors in the admission or exclusion of evidence and errors or defects in a district court ruling “are not grounds for setting aside a verdict unless refusing to do so would be inconsistent with substantial justice.”  
State v. Touche
, 549 N.W.2d 193, 194 (N.D. 1996).  The objective is determining, “whether the error was so prejudicial that substantial injury resulted and a different decision probably would have resulted absent the error.”  
Id.
 at 194-95.  

[¶11] When a defendant has actual notice of a proposed additional witness before trial, the additional witness served as foundational witness, and the defendant does not specify any instance of actual prejudice, we have concluded that the district court did not abuse its discretion in allowing the amendment of the information.  
Halvorson
, 346 N.W.2d at 712.  We have also upheld a decision to permit witness testimony from a previously unendorsed witness when the defendant was provided opportunity to interview the witness prior to his testimony.  
State v. Olson
, 274 N.W.2d 190, 195-96 (N.D. 1978).  Here, the State provided notice of its intent to call additional witnesses six months prior to trial.  One witness not identified until the week before trial effectively served as a foundation witness to the proper procedure conducted for the blood draw.  Defense counsel was provided an opportunity to interview the witness prior to her testimony, and she was not cross-examined at trial.  Packineau has not specified any actual prejudice in allowing the testimony of these witnesses.  The district court’s decision to allow the witnesses did not substantially prejudice Packineau, and the court did not abuse its discretion in admitting the testimony.    

IV  

[¶12] Packineau argued the district court erred in admitting documents from the North Dakota State Toxicologist’s office offered by the State.  The State only disclosed the website address where those documents could be accessed.  A paper copy of those documents was not provided.  Packineau cites our decision in 
City of Grand Forks v. Ramstad
, in which we determined a city prosecutor’s office maintaining an “open file” policy does not abrogate or dilute that office’s duty to disclose documents under N.D.R.Crim.P. 16.  2003 ND 41, ¶¶ 19, 21, 23-24, 658 N.W.2d 731.      

[¶13] Rule 16 requires the State disclose all documents it has “access to and which were in the possession of a state agency which provided assistance to the prosecution.”  
Id.
 at ¶ 21.  We have said the State may not waive its duty to provide the requested documents simply because those documents are otherwise available to the defendant.  
Id.
 at ¶ 23.  However, state statute now allows for the electronic posting of evidence as admissible prima facie evidence of the matters contained therein.  
See
 N.D.C.C. §§ 20.1-13.1-10(4)-(5), 20.1-15-11(6)-(7), 39-20-05(4)(a), 39-

24.1-08(4)-(5).  We see no functional distinction between disclosing to an opposing party a state owned and maintained website address specifically identifying and containing the requested documents, electronically sending those same documents to defendant’s counsel, or providing physical copies.  The disclosure of the documents to an opposing party through a state owned website address is permitted under Rule 16, and the district court did not err in admitting the documents.  
But cf.
  
Painte v. Dep’t of Transp.
, 2013 ND 95, ¶ 29, 832 N.W.2d 319 (VandeWalle, C.J., concurring and dissenting) (noting the admission of certified records before a court as prima facie evidence of the matters stated in the record requires the actual physical records be offered into evidence).  

V

[¶14] Packineau argues the district court erred by giving the jury instructions requiring the State to prove beyond a reasonable doubt that he had “an alcohol concentration of at least eight one-hundredths of one percent by weight at the time of the performance of a chemical test within two hours after the driving or being in actual physical control of a vehicle” in the alternative to proving he was “under the influence of intoxicating liquor.” N.D.C.C. § 39-08-01(1)(a)-(b).  The original information did not include any reference to blood alcohol concentration.  

[¶15] We have previously held a defendant received adequate notice of the charges against him because the complaint cited the relevant statute, and he anticipated that the issue of blood alcohol content would be raised at trial and prepared a defense based on such a theory.  
City of Grafton v. Wosick
, 2013 ND 74, ¶¶ 6-8, 830 N.W.2d 550.  Here, the complaint cites N.D.C.C. § 39-08-01 encompassing both subdivisions (1)(a) and (1)(b) giving notice of the separate elements listed under each subsection.  Packineau anticipated the issue of blood alcohol content as he moved to suppress the evidence obtained from the blood test and, when the motion was denied, could anticipate that issue would be raised at trial.  The district court correctly instructed the jury as Packineau was not prejudiced by including the issue of blood alcohol content.

VI

[¶16] We affirm the district court’s judgment.   

[¶17] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom

Daniel J. Crothers

Lisa Fair McEvers

Carol Ronning Kapsner