Filed 2/22/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 51

State of North Dakota, Plaintiff and Appellee

v.

Nathan Oliver Rolfson, Defendant and Appellant

No. 20170225

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Daniel S. El-Dweek, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Stephenie L. Davis (argued), Assistant State’s Attorney, and Jodi L. Colling (on brief), Assistant State’s Attorney, Watford City, ND, for plaintiff and appellee.

Michael R. Hoffman, Bismarck, ND, for defendant and appellant.

State v. Rolfson

No. 20170225

VandeWalle, Chief Justice.

[¶1] Nathan Rolfson appealed from a criminal judgment entered on a jury verdict finding him guilty of driving under the influence of alcohol or drugs.  Rolfson argues the district court erred in admitting in evidence three foundation documents for the Intoxilyzer test result because the State failed to disclose the documents in response to his discovery request.  We affirm, concluding, although the State violated the discovery rule, Rolfson has failed to show significant prejudice resulted from the State’s failure to disclose the three challenged documents before trial, and therefore, the court did not abuse its discretion in refusing to exclude the exhibits from evidence.

I

[¶2] On December 7, 2016, Rolfson was charged with driving under the influence of alcohol or drugs in violation of N.D.C.C. § 39-08-01.  On December 15, 2016, Rolfson’s attorney made a request for discovery from the State under N.D.R.Crim.P. 16, seeking in part:

C.  Defendant requests the prosecuting attorney to permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings, or places, or copies or portions of any of these items, if the item is within the prosecution’s possession, custody, or control, and the item is material to preparing the defense, the prosecution intends to use the item in its case-in-chief at trial, or the item was obtained from or belongs to the defendant.  

On May 9, 2017, ten days before the scheduled trial, the State sent  Rolfson’s attorney an email listing exhibits and including an electronic link to documents from the Attorney General’s website the State intended to use as foundation exhibits for admission of Rolfson’s Intoxilyzer test result.

[¶3] Before jury selection at the trial, Rolfson objected to the Intoxilyzer test result being admitted in evidence because the district court’s scheduling order required completion of discovery before the March 16, 2017 pretrial conference, and Rolfson did not receive the list of the State’s exhibits until May 9, 2017.  The court refused to exclude the Intoxilyzer test result as a sanction for the State’s late compliance with discovery, but offered Rolfson’s attorney a continuance of the trial.  Rolfson’s attorney declined to move for a continuance.

[¶4] When the State attempted to introduce the Intoxilyzer test result, Rolfson’s attorney objected, not on the basis of the late disclosure, but because there was no foundation evidence showing that the Intoxilyzer device was installed by a field inspector as required under 
Ell v. Dir., Dep’t of Transp.
, 2016 ND 164, ¶¶ 21-22, 883 N.W.2d 464.  The State requested and was allowed to print three additional exhibits to offer in evidence.  Rolfson’s attorney objected, arguing under 
City of Grand Forks v. Ramstad
, 2003 ND 41, 658 N.W.2d 731, the State violated discovery by not providing the three documents in advance of trial.  The State responded that because the three additional documents were publicly available, they were not required to be provided in its discovery response under 
State v. Packineau
, 2015 ND 180, 865 N.W.2d 414.  The court agreed with the State’s position, and admitted in evidence the three additional foundation documents and the Intoxilyzer test record and result showing Rolfson had a blood alcohol content in excess of .08 percent. 

II

[¶5] Rolfson’s sole argument on appeal is that the district court erred in allowing the State to admit in evidence the three additional exhibits “in violation of discovery, thus allowing the State to provide foundation for the chemical test result.”

[¶6] This Court reviews district court decisions regarding discovery violations under the abuse of discretion standard.  
See
 
State v. Horn
, 2014 ND 230, ¶ 7, 857 N.W.2d 77; 
State v. Loughead
, 2007 ND 16, ¶ 17, 726 N.W.2d 859.  A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law.  
See
, 
e.g.
, 
State v. Myers
, 2017 ND 265, ¶ 6, 903 N.W.2d 520.

[¶7] In 
Ell
, 2016 ND 164, ¶¶ 21-22, 883 N.W.2d 464, we held documentary or testimonial evidence that an Intoxilyzer device was installed by a field inspector is necessary to show strict compliance with the approved method and to provide the foundation for admission of the test result.  In 
State v. Blunt
, 2011 ND 127, ¶ 9, 799 N.W.2d 363, we explained:

Rule 16, N.D.R.Crim.P., governs discovery of evidence in criminal cases.  
City of Grand Forks v. Ramstad
, 2003 ND 41, ¶ 16, 658 N.W.2d 731.  Under N.D.R.Crim.P. 16(a) and (f), the prosecution must furnish a defendant with statements made by prosecution witnesses and copies of any documents or data within the prosecution’s possession, custody, or control if the item is material to preparing a defense, the prosecution intends to use the item in its case-in-chief at trial, or the item belongs to or was obtained from the defendant.  The rule also requires the prosecution to disclose requested documents in the possession of other government agencies and is not limited to the materials actually in the prosecution’s possession.  
State v. Sauer
, 2011 ND 47, ¶ 8, 795 N.W.2d 331.  

[¶8] The State’s argument that it was unnecessary to list the three additional exhibits in its discovery response because they were publicly available, which was adopted by the district court, misinterprets our decisions in 
Ramstad
 and 
Packineau
.  In 
Ramstad
, 2003 ND 41, ¶ 21, 658 N.W.2d 731, this Court made it clear that under N.D.R.Crim.P. 16 “the prosecution’s disclosure of its ‘entire file’ d[oes] not abrogate its duty to provide requested documents which the prosecution ha[s] access to and which [are] in the possession of a state agency which provided assistance to the prosecution.”  
Ramstad
 required that the State provide the defendant physical copies of requested documents to satisfy its duty under N.D.R.Crim.P. 16.  In 
Packineau
, 2015 ND 180, ¶ 13, 865 N.W.2d 414, we rejected the defendant’s argument that a Rule 16 violation occurred when the State only disclosed the website address where documents could be accessed rather than provide paper copies of those documents:

[S]tate statute now allows for the electronic posting of evidence as admissible prima facie evidence of the matters contained therein.  
See
 N.D.C.C. §§ 20.1-13.1-10(4)-(5), 20.1-15-11(6)-(7), 39-20-05(4)(a), 39-24.1-08(4)-(5).  We see no functional distinction between disclosing to an opposing party a state owned and maintained website address 
specifically identifying and containing the requested documents
, electronically sending those same documents to defendant’s counsel, or providing physical copies.  The disclosure of the documents to an opposing party through a state owned website address is permitted under Rule 16, and the district court did not err in admitting the documents.  

(Emphasis added).

[¶9] The State’s argument and the district court’s conclusion that no discovery violation occurred because the challenged documents were publicly available is contrary to our holdings in both 
Ramstad
 and 
Packineau
.  Here, N.D.R.Crim.P. 16 was violated because the State neither provided paper copies nor provided specific identification of the three challenged foundation documents on the Attorney General’s website.  The court erred in concluding the State did not violate its discovery duties.

[¶10] Nonetheless, we will not set aside a correct result merely because the district court’s reasoning is incorrect if the result is the same under the correct law and reasoning.  
See
, 
e.g.
, 
State v. Moore
, 2010 ND 229, ¶ 8, 791 N.W.2d 376.  Thus, although the district court erred in its conclusion regarding the discovery violation, we must still consider whether or not the defendant was substantially prejudiced.  We have explained:

“‘Rule 16 is not a constitutional mandate, and a violation of the rule results in a constitutionally unfair trial only when “the barriers and safeguards are so relaxed or forgotten the proceeding is more of a spectacle or a trial by ordeal than a disciplined contest.”’” [
State v.
] 
Addai
, 2010 ND 29, ¶ 42, 778 N.W.2d 555 (quoting 
State v. Roerick
, 557 N.W.2d 55, 56 (N.D. 1996)).  The court’s decision on a discovery violation is reversible error only if the defendant was denied a substantial right.  
Ramstad
, 2003 ND 41, ¶ 25, 658 N.W.2d 731.  A substantial right has not been denied unless the defendant was significantly prejudiced by the violation.  
Id.
  “If the defendant fails to show he was significantly prejudiced by a discovery violation, a [district] court’s failure to exclude evidence or impose other sanctions under N.D.R.Crim.P. 16(d)(2) does not constitute an abuse of discretion.”  
Id.
 at ¶ 26.

. . . .

Although an “open file policy” does not abrogate the requirement that evidence be disclosed, it is a factor that may be considered in deciding whether a defendant was significantly prejudiced by a discovery violation.  
See
 
Addai
, 2010 ND 29, ¶ 44, 778 N.W.2d 555.  We have said, “[A] defendant is in a weak position to assert prejudice from the prosecution’s failure to produce requested documents or other materials under N.D.R.Crim.P. 16 when the defendant had other available means to obtain the requested material.”  
Ramstad
, 2003 ND 41, ¶ 26, 658 N.W.2d 731.  

Blunt
, 2011 ND 127, ¶¶ 11, 20, 799 N.W.2d 363.

[¶11] Although Rolfson contends the introduction of the three exhibits “handicapped” his ability to prepare his defense, he did not claim surprise or move for a continuance.  If a defendant is surprised by the foundational evidence provided by the prosecution, the remedy is to move for a continuance.  
See
 
City of Grand Forks v. Scialdone
, 2005 ND 24, ¶ 13, 691 N.W.2d 198.  It is also undisputed that the three challenged exhibits were available on the Attorney General’s website, and Rolfson could have obtained them “if he had availed himself of the open file policy.”  
Blunt
, 2011 ND 127, ¶ 20, 799 N.W.2d 363.  We have cautioned that, “although a showing of prejudice is generally required before reversing a criminal conviction for a discovery violation, reversal for conduct which is merely potentially prejudicial may be warranted as a sanction for institutional noncompliance and systemic disregard of the law if the conduct is commonplace.”  
Ramstad
, 2003 ND 41, ¶ 29, 658 N.W.2d 731.  Rolfson does not allege the State has engaged in commonplace and systemic disregard of the law.

[¶12] Because Rolfson failed to establish he was significantly prejudiced by the State’s failure to disclose the three challenged foundation documents and there is no evidence of institutional noncompliance and systemic disregard of the law, we conclude the district court’s refusal to exclude this evidence was not an abuse of discretion.

III

[¶13] The criminal judgment is affirmed.

[¶14] Gerald W. VandeWalle, C.J.

Jon J. Jensen

Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte