# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 8

Daynen Keith Hoover,                                                      Appellant

v.

Director, North Dakota Department of Transportation,          Appellee

## No. 20230226

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Gary H. Lee, Judge.

REVERSED.

Opinion of the Court by Bahr, Justice.

Daynen K. Hoover, self-represented, Minot, ND, appellant; submitted on brief.

Michael T. Pitcher, Assistant Attorney General, Bismarck, ND, for appellee; submitted on brief.

**Bahr, Justice.**

[¶1]   Daynen Hoover appeals a district court judgment affirming a North Dakota Department of Transportation ("Department") hearing officer's decision suspending Hoover's driving privileges for 91 days. We conclude the procedure used by the Department—admitting exhibits into evidence without permitting Hoover a meaningful opportunity to examine them—did not provide Hoover a fair hearing. We reverse the district court's judgment.

I

[¶2]   A law enforcement officer arrested Hoover on March 18, 2023 for being in actual physical control of a motor vehicle while under the influence of alcohol. A breath test indicated Hoover's blood alcohol concentration to be .085 percent by weight.

[¶3]   Hoover requested an administrative hearing and consented to the Department holding the hearing by video conference call. The Department sent Hoover a notice of administrative hearing, video conference attendee instructions, a notice of information, and an exhibit. The notice of information stated, "Exhibit 1 contains regularly kept records of the NDDOT Director that will be offered into evidence regarding the issues to be determined at the hearing." It then provided:

> Regularly kept records received by NDDOT from the State Crime Laboratory may be offered as foundational evidence concerning testing for alcohol concentration. Copies of these documents can be inspected during business hours, by prior appointment, at the NDDOT central office in Bismarck, at NDDOT district offices in Fargo, Grand Forks, Devils Lake or at the office of the county recorder or other official designated by the county commissioners. Documents from the State Crime Laboratory can be found at http://www.ag.nd.gov/CrimeLab/Lab.htm.

[¶4]   The Department held the hearing on April 10, 2023. At the hearing, when the hearing officer offered eight foundational exhibits purportedly from the State Crime Laboratory, Hoover objected. The following exchange occurred:

> MR. MICHAEL HOFFMAN: Yes, I will object to all of them. I mean my client and I don't have copies of those exhibits in front of us at this hearing. Yeah, that's my objection. We aren't . . . we are not able to see them or look at them or analyze them.
>
> MR. HALBACH: Yeah, the objections are overruled. It was agreed to have the hearing by video. Exhibit 3 indicates that they can be retrieved from the state crime lab's website. And Exhibits 4, 5, 6, 7, 8, 9, both 13s, and all 15s are admitted.
>
> Also offered at this time are the hearing notices. Exhibit 2, the Notice of Hearing with a copy of the email being sent . . . or a copy of the email with the video conference attendee instructions, and Exhibit 3 the Notice of the Information sent out with a copy of the email sending them electronically. Any objections to Exhibits 2 or 3?
>
> MR. HOFFMAN: On Exhibit 3 there is not identified the exhibits that are going to be used at today's hearing even though Exhibits 4, 5, 6, 7, 8, 9, 13, and 15 may be a part of the . . . what's that, the crime lab or part of the AG's website, they are not identified. So I'll object again to those exhibits and the . . .
>
> MR. HALBACH: I already ruled on the objection to those exhibits. So the question is Exhibits 2 and 3.
>
> MR. HOFFMAN: Well I object to Exhibit 3. It doesn't identify these exhibits that we've talked about. It's an improper notice, insufficient notice.
>
> MR. HALBACH: The objection is overruled. Exhibit 3 also says you can make appointment to have them reviewed. Exhibits 2 and 3 are also admitted.

2

Over Hoover's objection, the hearing officer admitted the foundational exhibits. The exhibits provided foundation for the chemical breath test. Following the hearing, the Department suspended Hoover's driving privileges for 91 days.

[¶5] Hoover appealed to the district court. The court affirmed the hearing officer's decision.

## II

## A

[¶6] "The Administrative Agencies Practice Act, N.D.C.C. ch. 28-32, governs our review of an administrative decision to suspend or revoke a driver's license." *Schock v. N.D. Dep't of Transp.*, 2012 ND 77, ¶ 11, 815 N.W.2d 255. In reviewing an administrative decision, "[w]e review the Department's original decision, giving deference to its findings of fact and reviewing its legal conclusions de novo." *Goff v. Panos*, 2022 ND 186, ¶ 6, 981 N.W.2d 909. This Court must affirm the Department's decision unless it determines a statutory ground for reversal is present. N.D.C.C. § 28-32-46; N.D.C.C. § 28-32-49 ("The judgment of the district court in an appeal from an order . . . of an administrative agency or the commission may be reviewed in the supreme court on appeal in the same manner as provided in section 28-32-46[.]"). One ground for reversal is if the agency's procedure did not afford the appellant a fair hearing. N.D.C.C. § 28-32-46(4).

[¶7] Affording a party a fair hearing includes the agency conducting the hearing according to the due process and fair hearing "ground rules" set out in the Administrative Agencies Practice Act ("AAPA"), N.D.C.C. ch. 28-32. *S & S Landscaping Co. v. N.D. Workers' Comp. Bur.*, 541 N.W.2d 80, 83 (N.D. 1995). The AAPA also "requires an administrative hearing officer to conduct hearings in conformity with 'any other applicable laws.'" *Landsiedel v. Dir., N.D. Dep't of Transp.*, 2009 ND 196, ¶ 9, 774 N.W.2d 645 (quoting N.D.C.C. § 28-32-35).

## B

[¶8] Hoover acknowledges the eight exhibits, "if they accurately reflect regularly kept records of the state crime laboratory," were admissible under

3

N.D.C.C. § 39-20-05(4). He argues, however, that he was denied a fair hearing because the hearing officer never provided to him "prior to the hearing, or at the hearing, copies of the exhibits for [his] review or analysis" so he could determine if the exhibits complied with N.D.C.C. § 39-20-05(4). Because he "could not view the actual exhibits marshalled by [the] Hearing Officer," Hoover asserts he could not determine "at the hearing whether the exhibits were still relevant or instead out-of-date, overruled or modified in any fashion so as to make any proper objections."

[¶9] The Department argues Hoover was not denied a fair hearing because he "was advised of how he could either view or obtain those exhibits prior to the administrative hearing he requested be held via video conference." According to the Department, the eight exhibits "were made available to Hoover for inspection prior to the hearing, either by viewing them at the attorney general's website or by inspection at the DOT central office in Bismarck or at district offices, or by appointment, or online at the crime lab's website."

[¶10] A hearing under N.D.C.C. § 39-20-05 "may be conducted in whole or in part by telephone, television, virtual online interface, or other electronic means with the consent of the licensee." N.D.C.C. § 39-20-05(7). The AAPA also permits hearing officers to conduct hearings by electronic means. N.D.C.C. § 28-32-35. However, the electronic means must provide the participants "an opportunity to participate in, to hear, and, if practicable, to see the entire proceeding while it is taking place[.]" *Id*. Moreover, the electronic means may not "substantially prejudice or infringe on the rights and interests of any party." *Id*.

[¶11] Generally, judicial officers and quasi-judicial officers do not admit an exhibit into evidence until the opposing party has the opportunity to view the exhibit. *See* N.D. Admin. Code § 98-02-03-06 (providing "all parties must be

afforded an opportunity to examine the exhibit")[1]; Roger C. Park & Aviva Orenstein, *Trial Objections Handbook 2d* § 9:18(2) (Updated 2023) ("Show the document to the opponent. If the document is known to the opponent through discovery or otherwise, the proponent can simply ask whether the opponent wants to see the document."); Fred Lane, *2 Lane Goldstein Trial Technique* § 12:11 (3d ed.) (Updated 2023) ("After the exhibit has been marked for identification and *before* it is given to the witness for the purpose of laying the foundation it may be shown to opposing counsel."). An opposing party's opportunity to view the exhibit allows the party to examine the exhibit and make objection before the judicial officer or quasi-judicial officer admits the exhibit and permits the fact finder to consider it. *Cf. Bank of Am., N.A. v. Greenleaf*, 96 A.3d 700, 710 n.15 (Me. 2014) (quoting *State v. Saulle*, 414 A.2d 897, 899 (Me. 1980)) ("[W]e cannot overemphasize the necessity that nothing be exhibited to the [factfinder] until it has first been marked for identification, properly identified, shown to opposing counsel and received in evidence.").

[¶12] A party's ability to examine exhibits introduced against the party is an important procedural protection in an adjudicative proceeding. With minimal planning, it is generally practicable to arrange electronic proceedings so participants can view the exhibits. *Cf*. N.D. Sup. Ct. Admin. R. 52(2)(g) ("A method for electronic transmission of documents must be available at each site where reliable electronic means are used in a court proceeding for use in conjunction with the proceeding."). Here, the procedure used by the Department did not permit Hoover to see the exhibits before the hearing officer admitted them. This precluded Hoover from examining the exhibits to determine whether there were grounds to object to their admissibility.

---

[1] The parties did not brief, and we do not address, whether the Department is required to use the uniform rules adopted under N.D.C.C. § 54-57-05. *Compare* N.D.C.C. § 54-57-03(1) (exempting the Department from the requirement that its adjudicative proceedings "be conducted by the office of administrative hearings in accordance with the adjudicative proceedings provisions of chapter 28-32 and any rules adopted pursuant to chapter 28-32") *with* N.D.C.C. § 54-57-05 (providing the uniform rules "must be used by all administrative agencies subject to chapter 28-32 which do not have their own rules of administrative hearings practice or procedure governing the course and conduct of hearings").

[¶13] Contrary to its argument, the Department's notice of information did not provide Hoover a meaningful opportunity to examine the exhibits before the hearing officer admitted them. The notice of information did not provide copies of the exhibits. It also did not specifically identify the documents maintained by the Department or on the attorney general's website that the Department planned to introduce at the hearing. Rather, the notice of information referenced "regularly kept records" received by the Department "from the State Crime Laboratory." It further stated, without specifically identifying any particular document, that Hoover could find "Documents from the State Crime Laboratory" on the attorney general's website.

[¶14] At no place did the notice of information identify the specific State Crime Laboratory documents the Department intended to offer into evidence. Thus, Hoover had to guess which State Crime Laboratory documents regularly kept by the Department or kept on the attorney general's website the Department may introduce as exhibits. Moreover, even if Hoover reviewed all State Crime Laboratory documents regularly kept by the Department, or kept on the attorney general's website, the Department's procedure did not provide Hoover the ability to confirm the exhibits offered (but not shown by the hearing officer at the hearing), were the same documents as, or in the same form as, the State Crime Laboratory documents maintained by the Department or on the attorney general's website.

[¶15] Our decision in *State v. Rolfson*, 2018 ND 51, 907 N.W.2d 780, supports the conclusion the Department's general identification of State Crime Laboratory documents is insufficient notice of the exhibits the Department intended to offer at the hearing. In *Rolfson*, the State responded to Rolfson's discovery request by sending an "email listing exhibits and including an electronic link to documents from the Attorney General's website the State intended to use as foundation exhibits for admission of Rolfson's Intoxilyzer test result." *Id.* at ¶ 2. At trial, the State printed three additional foundational documents to enter into evidence. *Id.* at ¶ 4. Rolfson objected, arguing "the State violated discovery by not providing the three documents in advance of trial." *Id.* "The State responded that because the three additional documents were publicly available, they were not required to be provided in its discovery

6

response[.]" *Id.* The district court admitted the three additional foundation documents into evidence. *Id.*

[¶16] On appeal, we cited *State v. Packineau*, 2015 ND 180, ¶ 13, 865 N.W.2d 414, for the proposition the State could disclose the documents through a state-owned website address. *Rolfson*, 2018 ND 51, ¶ 8. We held, however, that the discovery rule "was violated because the State neither provided paper copies nor provided specific identification of the three challenged foundation documents on the Attorney General's website." *Id.* at ¶ 9 (emphasis added). Although this case involves an adjudicative proceeding under N.D.C.C. ch. 28-32, not discovery under N.D.R.Crim.P. 16, the fundamental principal that a party must identify specific documents, not simply regularly kept records or a collection of documents at a website address, applies.

[¶17] The record does not reflect the number of State Crime Laboratory documents maintained by the Department or on the attorney general's website on the date the Department sent the notice of information to Hoover.[2] It also does not indicate how often the Department or the State Crime Laboratory modifies, replaces, removes, or adds documents. Finally, the record does not indicate how the Department or the website identifies the documents, such as by a form number and date, so a party can confirm a document introduced at a hearing is the same document examined at a Department location or on the attorney general's website. Absent this information, we cannot conclude Hoover was able to examine the specific documents prior to the hearing. We also cannot conclude Hoover was able to confirm the exhibits referenced, but not shown, by the hearing officer were the same documents maintained by the Department or on the attorney general's website.

[¶18] The Department's procedures did not comply with N.D.C.C. § 28-32-35, and substantially prejudiced or infringed on Hoover's procedural rights. Based on the record before us, we conclude the procedure used by the Department did not afford Hoover a fair hearing because Hoover did not have a meaningful

---

[2] The link provided in the notice of information was nonfunctional when this opinion was signed.

opportunity to examine the exhibits before the hearing officer received them as evidence.

## III

[¶19] Having considered the parties' remaining arguments, we conclude they are unnecessary to our decision or are without merit. We reverse the district court's judgment affirming the Department's decision to suspend Hoover's driving privileges for 91 days.

[¶20] Jon J. Jensen, C.J.
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte
      Douglas A. Bahr